**Efrain Tezen COJON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71275.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.\*

Filed Jan. 20, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

**120**

Efrain Tezen Cojon, Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Efrain Tezen Cojon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Prasad v. INS*, 47 F.3d 336, 338–39 (9th Cir.1995), we deny in part and dismiss in part the petition for review.

 Substantial evidence supports the IJ's findings that Tezen Cojon was not persecuted in Guatemala because the military never physically harmed him or threatened him, *see Canales–Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir.2006), and the military's murder of Tezen Cojon's uncle, unrelated to him, did not constitute persecution of Tezen Cojon, *see Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (noting that persecution is an extreme concept); *see also Prasad*, 47 F.3d at 340 (although factfinder could have found past persecution, it was not compelled to do so). Substantial evidence also supports the IJ's finding that Tezen Cojon failed to establish he had a well-founded fear of persecution because his family members remain in Guatemala apparently unharmed, *see Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996), and his fear of future persecution is speculative in light of current country conditions, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003). Therefore, we deny the petition as to Tezen Cojon's asylum claim.

 We lack jurisdiction to consider Tezen Cojon's contentions regarding with-

holding of removal and CAT relief because he failed to exhaust these claims before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930–31 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**